### FIRST NAT. BANK OF JERSEY CITY v. LENK et al.

*(Supreme Court, General Term, First Department.* June 6, 1890.)

ABATEMENT AND REVIVAL—DEATH OF PARTY—JOINT CONTRACTORS.

The rule that, where one of several joint debtors dies, the personal representative cannot be joined in an action with the survivors except on the allegation of the insolvency of the survivors, applies to the case of the death of a joint debtor pending the action, and is not changed by Code Civil Proc. N. Y. § 758, which provides that "the estate of a person or party jointly liable upon contract with others shall not be discharged by his death, and the court may make an order to bring in the proper representative of the decedent when it is necessary so to do for the proper disposition of the matter."

Appeal from special term, New York county.

Action by the First National Bank of Jersey City against Peter Lenk and others, constituting the general partners, and Otto Huber and another, constituting the special partners, in the limited partnership of Peter Lenk & Co. Plaintiff sought to hold the special partners liable as general partners on the

ground that their contributions to the capital of the firm were not in "actual cash payments," as required by 4 Rev. St. N. Y. (8th Ed.) p. 2492, § 2. Pending this action, defendant Huber died, and on plaintiff's motion the action was revived against the executors of decedent's will. The following opinion was filed at special term:

"BARRETT, J. I do not agree with the counsel for Huber's estate that an action against a special partner seeking to make him liable as a general partner for failure to pay in, in cash, the amount certified to have been contributed is an action to recover a penalty. The action is against him upon contract, treating him from the beginning as a general partner, and liable as such. That is the normal condition of things, and it is for the special partner to limit his ordinary partnership liability by a strict compliance with the statute. Failure to so strictly comply does not give a right of action as for a penalty. It simply prevents the partner from setting up the statute against the ordinary partnership liability which he has assumed. In this view of the matter, the action is plainly upon contract, and it survived. The other objection, namely, that insolvency of the surviving partners must be averred before the representatives of the deceased partner can be brought in, is met by section 758 of the Code. Certainly, 'the proper disposition of the matter,' to quote the language of this section, requires that the representatives of the deceased special partner, who was sought to be charged, should be brought in. Thus the real question involved in the action can be directly determined. This becomes entirely apparent when we consider that the persons who were avowedly general partners have not defended; and, so far as the other special partner also sought to be charged is concerned, it is entirely appropriate that his liability should be determined at the same time as that of Huber. I think that the learned counsel for the Huber estate is also in error in supposing that section 758 is confined to cases where the contract liability is in terms several as well as joint. The language is, ' the estate of a person or party jointly liable upon contract with others shall not be discharged by his death,' etc. The matter of several liability is only referred to in connection with a severance of the action. But the liability here, if there is any, would seem to be joint and several. The question is therefore reasonably free from doubt, and the motion should be granted."

Defendants appeal.

Code Civil Proc. N. Y. § 758, is as follows: "In case of the death of one of two or more plaintiffs, or one of two or more defendants, if the entire cause of action survives to or against the others, the action may proceed in favor of or against the survivors. But the estate of a person or party jointly liable upon contract with others shall not be discharged by his death, and the court may make an order to bring in the proper representative of the decedent when it is necessary so to do for the proper disposition of the matter, and, where the liability is several as well as joint, may order a severance of the action so that it may proceed separately against the representative of the decedent, and against the surviving defendant or defendants."

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Hamilton Wallis,* for appellants. *S. Untermeyer,* for respondent.

PER CURIAM. The rule is well established that, where one of two or more joint debtors die, his personal representatives should not be joined in an action with the survivors except upon the allegation of the insolvency of the survivors. We see no reason why this rule does not apply to the case of the death of a joint debtor pending the action. Section 758 of the Code has in no manner altered the rule stated, which has been established by a long line of decisions. The order should be reversed, with $10 costs and disbursements.